**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:26-CV-24774-GAYLES**

**FERNANDO RODRIGUEZ DELGADO,**

**Petitioner**,

v.

**WARDEN OF KROME NORTH SPC**,
*et al.*,

**Respondents.**
_______________________________________/

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**THIS CAUSE** comes before the Court on Petitioner Fernando Rodriguez Delgado's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Petition"). [ECF No. 1]. Respondents filed a Response in Opposition to the Petition, [ECF No. 4], and Petitioner filed a Reply, [ECF No. 5]. The Court later issued an Order directing Respondents to "file a supplemental brief addressing (1) the applicability of *Zadvydas v. Davis*, 533 U.S. 678 (2001), to the length of Petitioner's detention; and (2) why Petitioner has not been timely removed to Cuba, Mexico, or another third country." [ECF No. 6]. Respondents filed their Supplemental Brief, [ECF No. 11],[1] and Petitioner filed a Reply, [ECF No. 12]. The Court has considered the record, the parties' written submissions, and applicable law. For the following reasons, the Petition is **GRANTED**.

Petitioner is a native and citizen of Cuba. [ECF No. 4-2 at 1]. On March 18, 2022, a Border Patrol Agent encountered Petitioner near Eagle Pass, Texas. [ECF No. 4-1 at 1]. Petitioner was

[1] The Court directed Respondents to file their supplemental brief by September 4, 2026. [ECF No. 6]. Respondents, however, did not file their brief until September 22, 2026. [ECF No. 11]. The Court does not decide whether the Respondents' "inadvertent miscalendaring," *id.* at 1, constitutes "excusable neglect," Fed. R. Civ. P. 6(b)(1)(B), but nevertheless will consider this out-of-time filing.

issued a Notice to Appear, classifying him as an alien present in the United States who has not been admitted or paroled. [ECF No. 4-2 at 1]. He was arrested but was released on an Order of Recognizance the same day. [ECF No. 4-1 at 2].

On May 28, 2025, several events happened. United States Immigration and Customs Enforcement ("ICE") Enforcement and Removal Operations ("ERO") arrested Petitioner in Miami, Florida. *Id.* The Department of Homeland Security then moved to dismiss Petitioner's removal proceedings (allowing ICE ERO to pursue expedited removal proceedings instead). [ECF No. 4-3 ¶ 9]. An Immigration Judge granted the motion to dismiss, and ICE ERO placed Petitioner in expedited removal proceedings. *Id.* ¶¶ 9–10.

Petitioner appealed the Immigration Judge's decision, and the Board of Immigration Appeals affirmed the decision on September 30, 2025. [ECF No. 4-8]. On July 13, 2026, Petitioner filed the Petition. [ECF No. 1].

In his Petition, Petitioner challenges his continued detention under the Fifth Amendment's Due Process Clause. [ECF No. 1 at 7] (citing *Zadvydas*, 533 U.S.). As the Eleventh Circuit has explained, "to state a claim under *Zadvydas* [Petitioner] not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). And "only after the six-month period," the "Court would consider Petitioner's evidence as to whether 'there is no significant likelihood of his removal from the United States in the reasonably foreseeable future.'" *Guerra-Castro v. Parra*, No. 25-cv-22487, 2025 WL 1984300, at *4 (S.D. Fla. July 17, 2025) (citation omitted).

As a threshold issue, Respondents argue that 8 U.S.C. § 1252(g) strips this Court of jurisdiction. [ECF No. 4 at 7-9]. Section § 1252(g) bars jurisdiction over "any cause or claim by

or on behalf of any alien arising from the decision or action by the [Secretary of Homeland Security] to commence proceedings, adjudicate cases, or execute removal orders against any alien." But "[t]he Supreme Court has . . . caution[ed] us against interpreting § 1252(g)'s 'arising from' language broadly. This approach ensures that § 1252(g)'s jurisdictional bar does not sweep in any claim that can technically be said to 'arise from' the three listed actions." *Camarena v. Dir., Immigr. & Customs Enf't*, 988 F.3d 1268, 1272 (11th Cir. 2021) (some internal quotation marks omitted) (citing *Reno v. American–Arab Anti–Discrimination Comm.*, 525 U.S. 471, 482 (1999); *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018)).

Petitioner does not challenge the decision to "commence proceedings" against him, "adjudicate [a] case[]" against him, nor "execute [a] removal order[] against [him]." Rather, he asks this court to review whether his detention violates the Due Process Clause. This is not the review of "prosecutorial discretion" that 1252(g) "was directed at." *Reno*, 525 U.S. at 485 n.9; *id.* at 482 (noting that "[t]he provision applies only to three discrete actions that the Attorney General *may* take"). Thus, this Court finds that 1252(g) does not bar its review of whether Petitioner's detention is contrary to binding law. *See Zadvydas*, 533 U.S. at 688 ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

The Court now turns to the merits. Petitioner has been detained and subject to an Order of Expedited Removal as of May 28, 2025.[2] As of the date of this Order, Petitioner has been detained

[2] [ECF No. 4-3 ¶¶ 10–11]. Because Petitioner's detention occurred after he was subject to a final removal order, his detention is governed by 8 U.S.C. § 1231. It is this detention that Petitioner challenges, not his removal order or any detention that occurred before being subject to a final removal order. Thus, the Court does not address the Respondents' arguments related to detention under 8 U.S.C. § 1225. *Cf. Hernandez v. Mordant*, No. 2:26-CV-607-KCD-NPM, 2026 WL 1392326, at *1 (M.D. Fla. May 19, 2026) (noting that because § 1226, which like § 1225, governs pre-final removal detention, "once an order of removal becomes final, § 1226 exits the stage. At that point, a completely different statutory provision—8 U.S.C. § 1231—takes the reins to govern post-removal detention.") (citing *Zadvydas*, 533 U.S. at 683).

for 487 days.[3] Because the six-month *Zadvydas* period has long concluded, Petitioner's detention is not presumptively reasonable and his claim is ripe.

Petitioner has also shown that there is a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. Respondents point to their actions regarding removal of Petitioner to Cuba and Mexico. But Cuba will not accept Petitioner for repatriation, [ECF No. 11-1 ¶¶ 16, 18], so removal to Cuba is not significantly likely. Nor is removal to Mexico significantly likely in the reasonably foreseeable future. The Respondents first served Petitioner with a Notice of Removal to Mexico on October 27, 2025. [ECF No. 4-9]. The Respondents then served Petitioner a second Notice of Removal to Mexico on December 29, 2025, [ECF No. 4-10], and a third Notice of Removal to Mexico on July 6, 2025. [ECF No. 4-12]. The mere repeated issuance of Notices of Removal to Mexico over the course of eight months, without any timeline for removal or evidence that Mexico has agreed to accept Petitioner, [ECF No. 5 at 8], provides "good reason to believe that there is no significant likelihood of removal [to Mexico] in the reasonably foreseeable future," *Zadvydas*, 533 U.S. at 701. *See Escobar Games v. Warden, N. Krome Det. Center*, No. 26-CV-24067, 2026 WL 2818810, at *3 (S.D. Fla. Sept. 21, 2026) ("Respondents lean heavily on the fact that they served Petitioner with two Notices of Removal to Mexico and on their continued intent to remove Petitioner. Neither of these facts is compelling, as neither is tantamount to a concrete step to remove Petitioner to Mexico.") (internal citations omitted). And in the absence of any rebuttal evidence by the Respondents, the Court finds that Petitioner's "removal is not reasonably foreseeable . . . [and thus] continued detention is unreasonable and no longer authorized by statute." *Zadvydas*, 533 U.S. at 699–700.

[3] On July 14, 2026, this Court ordered Respondents not to remove Petitioner from the United States until further order. [ECF No. 3 at 2]. But even before the Court's order, Petitioner had already been detained for over a year, well beyond the six-month *Zadvydas* period.

Accordingly, it is **ORDERED AND ADJUDGED**:

1. Petitioner Fernando Rodriguez Delgado's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, [ECF No. 1], is **GRANTED**.
2. On or before October 2, 2026, Respondents shall remove Petitioner from the United States or release him from immigration custody under appropriate conditions of supervision to be set by the Department of Homeland Security and subject to 8 U.S.C. § 1231(a)(3).
3. Respondents shall, within twenty-four (24) hours of Petitioner's release, file a Status Report confirming that Petitioner has been released from immigration custody and the status of other matters relevant to the Petition.
4. This case shall be **CLOSED** for administrative purposes.
5. The Court retains jurisdiction to address matters that may arise with respect to the Petition, and either party may move to reopen the case should any additional relief be sought relating to the Petition or this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 27th day of September, 2026.



**DARRIN P. GAYLES**
**UNITED STATES DISTRICT JUDGE**